# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44764

| | | |
|---|---|---|
| In the Matter of JOHN DOE,<br>A Child Under Eighteen Years of Age.<br>-------------------------------------------------------<br>IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>    Petitioner-Respondent,<br><br>v.<br><br>JANE DOE (2017-3),<br><br>    Respondent-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Boise, May 2017 Term<br><br>2017 Opinion No. 75<br><br>Filed: June 29, 2017<br><br>Karel A. Lehrman, Clerk |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. A. Lynne Krogh, Senior Magistrate Judge.

The judgment of the magistrate court is <u>affirmed</u>.

Canyon County Public Defender's Office, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

## ON THE BRIEFS

HORTON, Justice.

This case was previously before this Court in *In Matter of Doe (2016-14)*, 161 Idaho 596, 389 P.3d 141 (2016). There, we vacated the judgment terminating Jane Doe's parental rights to her son M.R. and remanded the case for further findings of fact and conclusions of law. On remand, the magistrate court again terminated Doe's parental rights. The magistrate court found that M.R. was neglected as defined by Idaho Code sections 16-2002(3)(a) and 16-2002(3)(b) and that Doe's compliance with her case plan was not impossible. Doe timely appealed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Doe has a long history of involvement with the Idaho Department of Health and Welfare (the Department), beginning in 2000. Doe was removed from her biological parents in 2000 and 2004 for physical abuse. The abuse resulted in head wounds and scarring and necessitated

surgeries. Doe later disclosed sexual abuse by her parents. Her parents consented to termination of their parental rights to Doe in 2004. Doe turned eighteen while in foster care, aging out of the system. Doe gave birth to M.R. in 2011 and—despite the earlier termination of her legal relationship with her parents—began living with M.R. in a separate residence on her parents' property.

In August of 2012, Doe was arrested for aggravated assault. M.R. was sixteen months old at the time of her arrest. Upon her incarceration, Doe "signed over temporary guardianship" of M.R. to her parents. Doe was eventually sentenced to serve five years, with two years fixed, and the court retained jurisdiction. Doe was unsuccessful on her rider. In June of 2014, the district court relinquished jurisdiction because of Doe's "aggressive behavior" while in prison. Doe testified that the earliest that she may be released is in May of 2017.[1] At that time, M.R. will be six years old. He has not been in Doe's care since her arrest.

In October of 2014, M.R. came into the care of the Department because of physical abuse of another child in Doe's parents' home. A case plan was approved in December of 2014, which included tasks that Doe was to complete while incarcerated. Doe failed to complete certain case plan requirements, specifically, counseling and a parenting class after being transferred to a different prison facility.

On November 12, 2015, the Department filed a Petition for Termination of the Parent-Child Relationship. Following a hearing on March 21, 2016, the magistrate court found that the Department had met its burden of proving, by clear and convincing evidence, two grounds upon which termination could be granted: (1) neglect, due to Doe's failure to comply with her case plan; and (2) Doe's incarceration for a substantial portion of M.R.'s minority. The magistrate court further found, again by clear and convincing evidence, that terminating Doe's parental rights was in M.R.'s best interests.

Doe appealed. We vacated the judgment terminating Doe's parental rights to her son M.R. and remanded the case for further findings of fact and conclusions of law on the issue of the impossibility of Doe completing her case plan. On December 16, 2016, the magistrate court issued its findings of fact and conclusions of law. The magistrate court again found by clear and convincing evidence that termination of Doe's parental rights was proper based on Doe's failure

---

[1] Although not part of the record before this Court, we note that Idaho Department of Correction records show that Doe was discharged from custody on May 23, 2017.

to comply with her case plan under Idaho Code section 16-2002(3)(b) and Doe's failure or inability to provide care under Idaho Code section 16-2002(3)(a). Doe timely appealed.

## II. STANDARD OF REVIEW

"Pursuant to Idaho Code section 16-2005(1), a court may terminate parental rights if it finds that doing so is in the best interests of the child and that at least one of five grounds for termination is satisfied." *In re Doe (2014-23)*, 157 Idaho 920, 923, 342 P.3d 632, 635 (2015). "The trial court must find that grounds for terminating parental rights have been proved by clear and convincing evidence." *Dep't of Health & Welfare v. Doe*, 149 Idaho 207, 210, 233 P.3d 138, 141 (2010); *see also* I.C. § 16-2009. "Clear and convincing evidence is evidence that indicates the thing to be proved is highly probable or reasonably certain." *In re Doe (2014-17)*, 157 Idaho 694, 699, 339 P.3d 755, 760 (2014). "This Court must 'conduct an independent review of the magistrate court record, but must draw all reasonable inferences in favor of the magistrate court's judgment, as the magistrate court has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties.' " *In re Doe (2014-23)*, 157 Idaho at 923, 342 P.3d at 635 (quoting *Doe v. Doe*, 150 Idaho 46, 49, 244 P.3d 190, 193 (2010)).

This Court "will not disturb the magistrate court's decision to terminate parental rights if there is substantial, competent evidence in the record to support the decision." *In re Doe (2014-17)*, 157 Idaho at 699, 339 P.3d at 760 (quoting *Idaho Dep't Health & Welfare v. Doe*, 150 Idaho 36, 41, 244 P.3d 180, 185 (2010)). "Substantial, competent evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*.

## III. ANALYSIS

**A. There is substantial and competent evidence in the record to support the magistrate court's judgment terminating Doe's parental rights to M.R. due to neglect as defined under Idaho Code section 16-2002(3)(b).**

The magistrate court found that Doe failed to comply with her case plan and thus M.R. was neglected as defined by Idaho Code section 16-2002(3)(b). The magistrate court explained:

> [Doe] has failed to comply with the court's orders or the case plan in the child protective act case, in that she has accomplished literally nothing in the case plan. She has not been released from prison, so she has not: obtained stable housing; obtained employment or other income to support herself and her child; provided proof completion of a parenting class approved by IDHW; or obtained a substance abuse evaluation and completed the recommended treatment.

On the defense of impossibility, the magistrate court concluded:

> The court finds and concludes that the state has shown by clear and convincing evidence that compliance with the case plan was not impossible, because [Doe's] inability to comply with the case plan was the result of her own conduct. At the time the case plan was prepared, [Doe] was serving the fixed portion of her sentence, which would have been completed in late 2014. Had [Doe] complied with prison requirements, she could reasonably have anticipated that she would be release in early 2015, and be able to progress on the case plan. Instead, she is "topping out" and serving the balance of the indeterminate time, time, which occurred as a result as [sic] of her own substantial misconduct while incarcerated.

In reaching its conclusion, the magistrate court considered, among other things, Doe's own testimony admitting that Doe's behavioral problems played a part in her not being paroled. The magistrate court analyzed copies of the Idaho Department of Correction records regarding Doe. The records show that Doe committed thirteen disciplinary offenses after M.R. was removed from the home, twelve of which were after Doe's case plan was adopted. The magistrate court also examined the minutes from a hearing held before the Commission of Pardons and Parole (Commission) six weeks following the approval of the case plan. The minutes show that Doe failed to complete the therapeutic community program in December of 2013 and November of 2014, both dates prior to the creation of her case plan in December of 2014, and that Doe committed three disciplinary offenses which resulted in restrictions, two occurring after the creation of the case plan. Finally, the magistrate court examined the minutes from a hearing held by the Commission on Doe's petition for reconsideration of parole. The Commission noted five disciplinary offenses in the record and denied Doe's petition for reconsideration of parole. Based in part on that evidence, the magistrate court terminated Doe's parental rights to M.R.

On appeal, Doe argues that the Commission documents do not constitute substantial and competent evidence that Doe willfully avoided parole. Doe concludes:

> Without evidence to determine *Why* Mother failed to parole, only the speculation and supposition that such failure to pass or complete the therapeutic community (TC) program along with the [disciplinary offenses] was sufficient. We are left with mere speculation on why the parole commission voided the parole date, and not firm evidence that Mother's behavior caused this failure.

Doe's arguments are unpersuasive.

Idaho Code section 16-2005(1)(b) provides: "The court may grant an order terminating the relationship where it finds that termination of parental rights is in the best interests of the child and . . .[t]he parent has neglected or abused the child." I.C. § 16-2005(1)(b). "Neglect" is defined under Idaho Code section 16-2002(3)(b) as:

> The parent(s) has failed to comply with the court's orders or the case plan in a child protective act case and . . . [t]he department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months; and . . . [r]eunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department.

I.C. § 16-2002(3)(b). In Doe's earlier appeal, we held that "impossibility may be asserted as a defense to a claim of neglect founded upon failure to comply with the requirements of a case plan." *In Matter of Doe (2016-14)*, 161 Idaho 596, 598, 389 P.3d 141, 143 (2016). We explained:

> This is not to say, however, that a trial court must find willful non-compliance with the terms of a case plan as a prerequisite to a finding of neglect under Idaho Code section 16-2002(3)(b). Instead, the trial court must find that the parent is responsible, whether directly or indirectly, for non-compliance with the requirements of a case plan. This requirement reflects the reality presented by parents who engage in behavior that results in con-compliance with no apparent thought or consideration of the effect of that behavior upon the case plan.

*Id*. The magistrate court provided thorough and reasoned findings of fact and conclusions of law which detail Doe's actions while incarcerated that directly or indirectly resulted in Doe's non-compliance with the requirements of her case plan. We find that there is substantial and competent evidence in the record supporting the magistrate court's determination that Doe's compliance with the case plan was not impossible and terminating Doe's parental rights to M.R. for neglect as defined by Idaho Code section 16-2002(3)(b).

## B. We do not reach the magistrate court's second ground for terminating Doe's parental rights to M.R.

The magistrate court found and concluded upon clear and convincing evidence that M.R. was neglected as defined by Idaho Code section 16-2002(3)(a). Because this Court may affirm the magistrate court's decision based on neglect as defined under Idaho Code section 16-2002(3)(b), we do not reach the second issue on appeal. "When a decision is 'based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.' " *In Matter of Doe (2015-07)*, 159 Idaho 461, 464, 362 P.3d 536, 539 (2015) (quoting *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005)).

## C. The magistrate court's determination that terminating Doe's parental rights to M.R. was in M.R.'s best interest is not an issue on appeal.

In Doe's previous appeal, we held that substantial and competent evidence supported the magistrate court's finding that terminating Doe's parental rights to M.R. was in M.R.'s best

interest. *In Matter of Doe (2016-14)*, 161 Idaho at 604, 389 P.3d at 149. However, we vacated the magistrate court's judgment and remanded the case for further findings of fact and conclusions of law on the application of the impossibility defense. *Id.* at 605, 389 P.3d at 150. In its subsequent findings of fact and conclusions of law, the magistrate court did not reach the issue of the best interest analysis, concluding:

> The court previously found and concluded that termination of parental rights and adoption is in [M.R.'s] best interest, and this was affirmed on appeal. The court makes no further findings and conclusions with respect to this issue.

On appeal, Doe attempts to relitigate the issue. That issue is not before this Court on appeal.

> The doctrine of "law of the case" is well established in Idaho and provides that upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (internal citations and quotations omitted).

## IV. CONCLUSION

We affirm the magistrate court's judgment and decree terminating Doe's parental rights to M.R.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.