# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47860

| | |
|---|---|
| In the Matter of: John Doe I, John Doe II, and Jane Doe I, Children Under the Age of Eighteen (18) Years of Age. | ) ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JOHN DOE (2020-11), | ) ) |
| Respondent-Appellant. | ) ) |

Filed: June 23, 2020

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynn Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

Jolene C. Maloney, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A Whilden, Deputy Attorney General, Caldwell, for respondent.

---

LORELLO, Judge

John Doe (2020-11) appeals from a judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the three minor children in this action, born in 2014, 2016, and 2017.[1]

On two occasions between 2014 and 2016, the Idaho Department of Health and Welfare was

---

[1]     Doe is the biological father of the older two children and the putative father of the youngest child. Although Doe was married to the child's mother when the youngest child was born, Doe may not be that child's biological father.

1

granted custody over one or both of the two older children after each was hospitalized within weeks of birth due to malnourishment and unattended medical issues. After the second removal, Doe and the children's mother began working court-ordered case plans for reunification with the children while they remained in foster care. A year later, Doe was incarcerated after his probation for a previous felony conviction was revoked. Doe was still incarcerated when the youngest child was born in 2017 and remained so through the remainder of the underlying child protection action and termination proceeding. While incarcerated, Doe provided no care or support for the children and became unreceptive to the Department's efforts to aid him in working on his case plan.

Ultimately, the Department petitioned to terminate the parental rights of both parents. After trial, the magistrate court terminated Doe's parental rights, finding clear and convincing evidence that Doe neglected the children under I.C. § 16-2002(3)(a) and that termination is in the children's best interests.[2] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[2] The magistrate court also terminated the mother's parental rights. The decision to terminate the mother's parental rights is not at issue in this appeal.

2

## III.

## ANALYSIS

Doe challenges the termination of his parental rights, arguing that the magistrate court erred in finding that he neglected the children because his incarceration made it impossible for him to comply with his case plan. The Department argues that the magistrate court concluded Doe neglected the children under a statutory definition that did not involve case-plan compliance and that Doe's incarceration is not a defense under the statutory definition that the magistrate court actually applied. We affirm the magistrate court's decision.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found there was clear and convincing evidence that Doe neglected the children under I.C. § 16-2002(3)(a) by failing to "provide proper parental care or control, or subsistence, medical or other care necessary for the [children's] well-being." The magistrate court further concluded that Doe's incarceration is not a defense to termination under this definition of neglect. Doe's argument that his incarceration made it impossible to comply with his case plan does not address the magistrate court's application of I.C. § 16-2002(3)(a). Rather, Doe addresses neglect only as defined under I.C. § 16-2002(3)(b)--a definition that was not applied in this case. Satisfaction of either I.C. § 16-2002(3)(a) or I.C. § 16-2002(3)(b) constitutes an independent basis for termination. *See Idaho Dep't of Health & Welfare v. Doe (2017-3)*, 162 Idaho 380, 384, 397 P.3d 1139, 1143 (2017). We can, therefore, affirm the statutory ground for termination on the unchallenged basis found pursuant to I.C. § 16-2002(3)(a). *See Doe*, 162 Idaho at 384, 397 P.3d at 1143. However, even if there was not an unchallenged basis on which to affirm the magistrate court's statutory ground for termination, we hold that there is sufficient evidence supporting the magistrate court's finding that Doe neglected the children under I.C. § 16-2002(3)(a) and that Doe's incarceration is not a defense to that finding.

In support of the conclusion that Doe neglected the children, the magistrate court found that Doe had failed to provide any support or care necessary for the children's well-being for three years following his incarceration in 2017. Additionally, Doe established a pattern of failing to discharge his parental responsibilities *prior* to being incarcerated. The magistrate court found

that, on two occasions prior to Doe's incarceration, the two older children were removed from Doe's care due to his failure to provide nourishment and medical care that was both necessary and available. During the year following the second removal, the only evidence of support that Doe provided to the children was his participation in some visitation. The findings described above, which Doe does not challenge, provide sufficient support for the magistrate court's conclusion that Doe neglected the children as defined under I.C. § 16-2002(3)(a).

Doe's incarceration does not serve as a defense to the magistrate court's neglect finding. An incarcerated parent cannot provide the care required by I.C. § 16-2002(3)(a). *See Idaho Dep't of Health & Welfare v. Doe*, 158 Idaho 764, 768, 351 P.3d 1222, 1226 (2015). Consequently, a parent's incarceration alone can constitute neglect. *See Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 846, 852, 264 P.3d 953, 959 (2011). Accordingly, Doe's incarceration is not a defense to the magistrate court's finding of neglect under I.C. § 16-2002(3)(a). Doe has failed to show error in the magistrate court's termination decision.[3]

## IV.

## CONCLUSION

Doe's argument that his incarceration prevented him from complying with his case plan does not address the magistrate court's actual basis for concluding that he neglected the children. However, the magistrate court's unchallenged factual findings sufficiently support its conclusion that Doe neglected the children under I.C. § 16-2002(3)(a) and that Doe's incarceration is not a defense to that neglect finding. Consequently, Doe has failed to show that the magistrate court erred in terminating his parental rights. The judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[3] The magistrate court also found termination was in the children's best interests. Doe does not challenge this finding on appeal.