IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47861

| In the Matter of: John Doe I, John Doe II, and Jane Doe I, Children Under the Age of Eighteen (18) Years of Age. | ) ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: June 23, 2020 |
| Petitioner-Respondent, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JANE DOE (2020-12), | ) ) | |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynn Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

Aaron Bazzoli, Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A Whilden, Deputy Attorney General, Caldwell, for respondent.

_____

LORELLO, Judge

Jane Doe (2020-12) appeals from a judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the three minor children in this case, born 2014, 2016, and 2017. On two occasions between 2014 and 2016, the Idaho Department of Health and Welfare was granted custody over one or both of the older children after each was hospitalized within weeks of birth due to malnourishment and unattended medical issues. The second child's

1

malnourishment resulted in Doe pleading guilty to injury to a child and being placed on probation. After the second child's hospitalization, the two older children remained in foster care while Doe and the children's father began working court-ordered case plans.

Over the next two years, Doe gave birth to the youngest child while making slow progress on her case plan.[1] By the summer of 2018, all three children were residing in their maternal grandmother's home with Doe and her new boyfriend. However, a few months later, Doe began living in various hotels with her boyfriend and the children. The children were once again removed from Doe's care due to severe malnourishment and injuries indicative of physical abuse. The children's malnourishment and injuries resulted in Doe again being charged with and pleading guilty to injury to a child. As part of the criminal proceedings, a no-contact order was entered that prevented Doe from contacting the children.

Ultimately, the Department petitioned to terminate the parental rights of both parents. After trial, the magistrate court terminated Doe's parental rights, finding clear and convincing evidence that Doe neglected the children pursuant to I.C. § 16-2002(3)(a) and that termination is in the children's best interests.[2] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.

---

[1] During this period, the father was incarcerated after his probation for a previous felony was revoked. The father remained incarcerated through the remainder of the underlying child protection action and termination proceedings.

[2] The magistrate court also terminated the father's parental rights. The decision to terminate the father's parental rights is not at issue in this appeal.

*In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYSIS

Doe argues that the magistrate court erred in concluding she neglected the children because a no-contact order prevented her from complying with her case plan and that there was insufficient evidence to support the magistrate court's best interests determination. The Department argues that Doe has not challenged the magistrate court's actual basis for concluding Doe neglected the children and that the magistrate court's termination decision has sufficient evidentiary support. We hold that Doe has failed to show error in the magistrate court's termination decision.

#### A.      Statutory Basis

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five

3

factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found there was clear and convincing evidence that Doe neglected the children under I.C. § 16-2002(3)(a) by failing to "provide proper parental care or control, or subsistence, medical or other care necessary for the [children's] well-being." Doe's argument that a no-contact order prevented her from complying with her case plan does not challenge the magistrate court's application of I.C. § 16-2002(3)(a). Rather, Doe's arguments address only neglect as defined under I.C. § 16-2002(3)(b)--a definition that was not applied in this case. Satisfaction of either I.C. § 16-2002(3)(a) or I.C. § 16-2002(3)(b) constitutes an independent basis for termination. *See Idaho Dep't of Health & Welfare v. Doe (2017-3)*, 162 Idaho 380, 384, 397 P.3d 1139, 1143 (2017). We can, therefore, affirm the statutory ground for termination on the unchallenged basis found pursuant to I.C. § 16-2002(3)(a). *See id.* However, even if there was not an unchallenged basis on which to affirm the magistrate court's statutory ground for termination, we hold that there is sufficient evidence supporting the magistrate court's finding that Doe neglected the children under I.C. § 16-2002(3)(a) and that the no-contact order preventing Doe from contacting the children does not undermine that finding.

4

As previously stated, the magistrate court concluded Doe neglected the children as that term is defined under I.C. § 16-2002(3)(a). In support of that conclusion, the magistrate court found that the two older children were hospitalized and removed from Doe's care within weeks of their birth because Doe failed to provide them with necessary nourishment and was unwilling or unable to recognize the seriousness of the children's medical condition. The magistrate court further found that, even when Doe was complying with her case plan during the two years following the children's second removal, Doe depended on the Department and foster parents to identify and ensure that the children's needs were met. Once all three children were placed in Doe's care in 2018, the magistrate court found that, despite extensive parenting education, Doe allowed or caused the children to suffer severe malnourishment, physical injuries indicative of physical abuse, and psychological trauma. The magistrate court also found that Doe had a history of being unable or unwilling to acknowledge the seriousness of the children's medical condition, denying that the children had any problems, and accusing those asserting the contrary of lying or being mistaken. Although Doe made progress on her case plan prior to 2018, the magistrate court's finding of neglect is supported by substantial and competent evidence.

The no-contact order imposed after the third time the children were removed from Doe's care is not a defense to the magistrate court's neglect finding under I.C. § 16-2002(3)(a) for three reasons. First, although impossibility is a defense to a finding of neglect based upon a parent's failure to comply with a case plan, *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 600, 389 P.3d 141, 145 (2016), Doe has not cited a case in which impossibility was recognized as a defense to a finding of neglect as defined under I.C. § 16-2002(3)(a). Second, even assuming that impossibility could serve as a defense to a finding of neglect under I.C. § 16-2002(3)(a), Doe could not successfully assert the defense because it was her conduct that resulted in the no-contact order's issuance. *See Doe*, 161 Idaho at 600-01, 389 P.3d at 145-46 (holding that a trial court must find the parent responsible for failing to comply with a case plan). Finally, by the time the no-contact order was issued, Doe had already established a long history of failing to provide proper parental care or control, or subsistence, medical or other care to the children.

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship.

5

*In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that it is in the best interests of the children to terminate Doe's parental rights based upon her established pattern of neglecting the children over a period of six years, which resulted in substantial harm to all three children. The magistrate court further found that this pattern persisted despite two criminal convictions arising from Doe's neglect of the children and extensive services intended to enable Doe to understand and meet the children's needs. Additionally, Doe continuously denied that anything was ever wrong with the children from the time the Department took custody of the oldest child through the termination hearing. This led the magistrate court to find that Doe's parental shortcomings were unlikely to ever change. Moreover, the magistrate court found that all three children had already spent three and a half years with the same foster parents where they had not only had shown they could provide for the children, but were also willing to adopt them.

Doe argues that the magistrate court erred in its termination decision because there was no evidence that termination is in her best interests and she demonstrated that she can provide for the children under the correct conditions. First, the best interests of a parent factors into a termination decision only when termination is sought on that ground. *See State v. Doe*, 143 Idaho 383, 387, 146 P.3d 649, 653 (2006). Because the Department sought to terminate Doe's rights on the grounds of neglect, evidence of whether termination is in Doe's best interests is irrelevant. As to Doe's second argument, the magistrate court found that Doe was never able to provide for the children on her own. Both the older children were hospitalized shortly after birth due to Doe's inadequate parenting. After the two older children were taken from Doe's care, Doe depended upon the Department and the foster parents to identify and provide for the

6

children's needs. Finally, when Doe attempted to care for all three children outside her mother's home, not only did the children once again become severely malnourished, but they also suffered psychological trauma and physical injuries indicative of abuse. Doe has not shown error in the magistrate court's conclusion that termination is in the children's best interests.

## IV.

## CONCLUSION

Doe's argument that the no-contact order prevented her from complying with her case plan does not address the basis of the magistrate court's finding of neglect. However, there was clear and convincing evidence that Doe neglected the children under I.C. § 16-2002(3)(a) and the no-contact order between Doe and the children does not undermine that finding. Additionally, there was clear and convincing evidence that termination is in the children's best interests. Accordingly, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.