**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48309**

| | |
|---|---|
| In the Interest of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JANE DOE (2020-37), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: January 6, 2021

Melanie Gagnepain, Clerk

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Michelle M. Evans, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Paige M. Nolta, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Floyd L. Swanton, Jr., Deputy Attorney General, Lewiston, for respondent.

_____

LORELLO, Judge

Jane Doe (2020-37) appeals from a judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action, who was born in 2018. The child was placed into foster care after it was determined that Doe and the child tested positive for several controlled substances at the time of the child's birth. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and the child's father and conducted several review hearings while the child was in the

1

Department's custody. Doe made some progress and was granted extended home visits. However, these visits ceased when the Department learned that Doe had tested positive for methamphetamine. Ultimately, the Department filed a petition to terminate the parental rights of both parents. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that she had neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings of neglect and that termination is in the child's best interests. Doe also asserts that the magistrate court erred in holding that she had sufficient notice of one of the types of neglect alleged. The Department responds that substantial and competent evidence supports the magistrate court's

---

[1]     The magistrate court also terminated the father's parental rights. The decision to terminate the father's parental rights is not at issue in this appeal.

termination decision and that Doe had sufficient notice of the allegation of neglect. We affirm the magistrate court's termination decision.

## A.  Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)).

The magistrate court found, by clear and convincing evidence, that the Department had established three different statutory grounds of neglect: (1) neglect by conduct or omission of the parent, I.C. § 16-1602(31)(a); (2) neglect by the parent's inability to provide care, I.C. § 16-1602(31)(b); and (3) neglect by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b). Doe challenges the magistrate court's finding for each of these three grounds of neglect. We address each in turn.

### 1.  Neglect by conduct or omission

Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that Doe neglected the child under I.C. § 16-1602(31)(a) because Doe: (1) ingested illegal drugs during

pregnancy (causing the child to be born with medical conditions) and continued to struggle with a drug addiction; (2) allowed the child to come for overnight visits despite knowing illegal drugs were present in the home; and (3) lacked stable housing, employment, or other means to provide for the child's well-being.

Substantial and competent evidence in the record supports these findings. At the termination hearing, Doe testified that she had ingested illegal substances during pregnancy. The child's foster mother testified that the child had withdrawal symptoms of low weight gain and shaking. A developmental specialist testified that the child was referred to her program because the child tested positive for illegal drugs and that the specialist determined the child had a cognitive delay. Because Doe later failed to renew the program, the child stopped receiving these services. Doe admitted that, during the case plan, she relapsed and used methamphetamine she had taken from the child's father without his knowledge. During this same period, Doe allowed the child to come for overnight visits, which ceased when the Department learned that Doe had tested positive for methamphetamine. Doe was evicted from her apartment after multiple agencies, including the Federal Bureau of Investigation, executed a search warrant on the apartment, arrested the child's father, and charged him with trafficking narcotics. After her eviction, Doe moved in with a friend but did not have a lease agreement or rent obligation. Following a traffic stop, Doe was cited for misdemeanor possession of a controlled substance and drug paraphernalia. Regarding employment, Doe testified that she cleaned houses and babysat for two friends, but admitted it was "nothing with a regular paycheck." She also testified that she had part-time work at her father's painting business, but did not specify how many hours she worked. This evidence supports the magistrate court's finding that Doe's continued use of illegal drugs, lack of stable housing, and insufficient employment caused the child to be without the proper parental care necessary for the child's well-being.

On appeal, Doe contends the magistrate court erred because the Department and the child's foster parents provided for the child's needs, thus negating a finding of neglect under I.C. § 16-1602(31)(a). But, as the Department notes, Doe misinterprets this statute--the question is whether, due to the conduct or omission of Doe, the child is without proper *parental* care and control, or subsistence, medical, or other care or control necessary for the child's well-being. I.C. § 16-1602(31)(a). A parent can neglect a child by failing to provide proper parental care even

4

if the child's needs are being met by others. As such, the magistrate court did not err by focusing solely on Doe's efforts to provide proper parental care for the child.

Doe also contends that the magistrate court erred because other evidence shows she provided care. Specifically, Doe asserts she attended a few of the child's medical appointments; attempted to set up a primary care physician for the child but was prevented from doing so by the Department; signed releases for the Department and the foster parents to care for the child; and had a home with bed, toys, clothes, and food for the child.[2] She also asserts there is no evidence that she lacks "a strong bond" with the child. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65 (noting review is whether substantial and competent evidence supports decision). This Court will not reweigh the evidence. As such, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a).

### 2. Neglect by inability to provide care

Under I.C. § 16-1602(31)(b), a child is neglected when a parent is unable to discharge his or her responsibilities to and for the child, and as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being.[3] The magistrate court found

---

[2]     We note that, while Doe cites to the record in her statement of the case, there are no citations to the record in the argument section of Doe's brief. This does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). Although many of the facts posited in Doe's argument section are similar to facts in Doe's statement of the case, this is not true of all the facts asserted in the argument section of Doe's brief. Thus, even if we considered the citations in Doe's statement of the case, some of Doe's factual assertions in her argument section lack supporting citations to the record. This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). Nevertheless, due to the constitutional and fundamental nature of Doe's parental rights, as well as the interests of the child, we will address the substantive issues regarding termination of Doe's parental rights to the extent she references specific facts in her argument section.

[3]     The Department argues that, because the magistrate's finding of neglect can be affirmed under I.C. § 16-1602(31)(a), there is no need to consider the other two independent grounds for neglect. We recognize that neglect can be established under various statutory definitions, any one of which is alone sufficient to affirm a finding of neglect. *See Idaho Dep't of Health & Welfare v. Doe (2017-3)*, 162 Idaho 380, 384, 397 P.3d 1139, 1143 (2017) (declining to address issue of neglect under one statutory definition because finding of neglect based on other statutory definition

5

that Doe neglected the child under this definition because Doe did not maintain substance abuse treatment, did not have stable housing or means to provide for the child, and acknowledged at the termination hearing that she was "not currently capable of providing the care and support that [the child] needs."

Substantial and competent evidence in the record supports these findings. Initially, Doe did well in her substance abuse treatment program, but her attendance later waned. About eight months after Doe's initial program ended, she started treatment again, but was discharged a few weeks later for missing two appointments. On the first day of the termination hearing, Doe had an appointment for an assessment for entering another program. This evidence supports the magistrate court's finding that Doe did not maintain substance abuse treatment. As discussed above, there is substantial and competent evidence supporting the magistrate court's findings that Doe did not have stable housing and lacked sufficient employment. Finally, Doe testified that her "life is derailed" and that she would need one to three months before she would be ready to have the child spend overnight visits with her. This evidence supports the magistrate court's finding that Doe is unable to provide the parental care necessary for the child's well-being.

Doe asserts that the Department did not prove neglect under I.C. § 16-1602(31)(b) by clear and convincing evidence. However, Doe admits in her brief that she had "trouble getting re-enrolled in treatment" and "ended up being kicked out of treatment." Doe asserts she established stable housing by renting an apartment and living in a friend's home. But Doe was evicted from the apartment and has no lease agreement with her friend. Doe also asserts she demonstrated that she can provide for her own needs, but qualifies this by saying she did so with the help of family, friends, and the child's father. Finally, Doe notes her attempts to complete parts of the case plan,[4] such as complying with some requests for drug testing, engaging in

---

was affirmed on appeal). Although we affirm the magistrate court's finding of neglect under I.C. § 16-1602(31)(a), we proceed to address the magistrate court's other bases for finding neglect.

[4] The Department faults Doe for "spend[ing] the bulk of her brief addressing the case plan tasks as though they were relevant to" a finding of neglect under I.C. § 16-1602(31)(b). The Department's position regarding relevance is incorrect--the definition of neglect under I.C. § 16-1602(31)(b) is "broad enough to encompass the consideration of a parent's compliance with a case plan." *In re Doe*, 151 Idaho 356, 364, 256 P.3d 764, 772 (2011).

counseling, attending some of the scheduled visits with the child, and signing releases for the child's information. In essence, Doe asks this Court to reweigh the evidence, which it cannot do when substantial and competent evidence supports the magistrate court's findings. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. Doe has failed to show error in the magistrate court's finding of neglect under I.C. § 16-1602(31)(b).

### 3. Neglect by failure to complete a case plan

Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). Doe concedes that the child has been in the Department's custody for the requisite period of time and that reunification has not occurred, but argues that the magistrate court erred in holding that the Department sufficiently pleaded this allegation of neglect and in finding that Doe failed to comply with her case plan. The Department admits that one of the allegations in its petition contained a typographical error, but contends that this error did not deprive Doe of notice. The Department also asserts that substantial and competent evidence supports the magistrate court's finding that Doe failed to comply with the case plan.

In its petition for termination of parental rights, the Department alleged that Doe "neglected the child pursuant to Idaho Code §[ ]16-2005(1)(b) and Idaho Code §[ ]16-2003(3)(b) [sic] as [Doe] failed to comply with the court's orders and/or case plan in this case, the child will be in care for 15 of the last 22 months, and reunification will not have occurred." The Department admits the second "citation was off by a digit" and should have been a citation to Idaho Code § 16-2002(3)(b). Doe asserts that this typographical error violates I.R.C.P. 8(a)(2),[5] which

---

[5] In Doe's reply brief, she asserts that I.R.C.P. 15(b) also applies because she objected to the sufficiency of the allegation in her written closing arguments submitted after the termination hearing and the Department did not move to amend its petition. This Court will not consider arguments raised for the first time in the appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Even if it had been raised in her opening brief, Doe did not raise I.R.C.P. 15(b) in her arguments to the magistrate court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). As such, we decline to consider Doe's argument regarding the application of I.R.C.P. 15(b).

requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, a petition for termination of parental rights need not specify "precisely which of the six subsections of I.C. § 16-2005 under which [the Department] was proceeding." *In re Dayley*, 112 Idaho 522, 525, 733 P.2d 743, 746 (1987). Instead, "[a] simple and concise statement of facts is all that is necessary." *Id.* Following the same logic, the Department is also not required to specify which statutory definition of neglect forms the basis for a particular allegation.[6] The Department's allegation, as quoted above, asserted sufficient facts to put Doe on notice that the Department would seek to establish neglect as defined in I.C. § 16-2002(3)(b). As such, Doe has failed to show the magistrate court erred in holding that the Department gave her sufficient notice.

As for the magistrate court's finding that Doe failed to comply with her case plan, Doe asserts, in conclusory fashion, that "the Department did not present sufficient evidence . . . that [Doe], at the time of trial, was not clean and sober or that she had not completed the case plan tasks." She also asserts, without reference to facts in the record, that she "had completed [her case plan tasks] in October, 2019"--the same month overnight visits with the child ceased--and that she "did not neglect her child." Conclusory allegations and assertions of fact, without citation to the record below, are not sufficient to support an argument on appeal. I.A.R. 35(a)(6); *In re Doe*, 166 Idaho 720, 727, 462 P.3d 1184, 1191 (Ct. App. 2020). Moreover, as the Department notes, Doe admitted at the termination hearing that she had failed to complete the case plan. As such, Doe has failed to show that the magistrate court erred in finding that she failed to comply with her case plan and that, consequently, she neglected the child under I.C. § 16-2002(3)(b).

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When

---

[6]     Although the Department is not required to cite to a specific definition of neglect, it is, as the magistrate court noted, "good practice to ensure the allegations correctly reference the appropriate statutes."

determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the child's best interests because: (1) Doe could not provide a safe, stable, and drug-free environment for the child; (2) Doe lacked the financial means to provide for herself or the child; (3) the child improved and thrived under the care of the foster parents; and (4) Doe continued to have problems with the law. As shown above, there is substantial and competent evidence that Doe has not provided stable housing, has not obtained sufficient employment, and has continued to have problems with the law. Regarding the child's improvement, Doe asserts that "the child has not needed to improve while in foster care" and that the child "had an EEG early in his life that was normal."[7] Doe does not explain why the child did not need to improve or how the EEG results undermine the magistrate court's findings. The record shows the child had low birth weight, experienced withdrawal symptoms and suffered from cognitive delay, all of which the child would have needed to improve on while in the Department's custody. The foster mother testified that, while in her care, the child gained weight and began meeting his developmental milestones. Thus, substantial and competent evidence supports the magistrate court's finding that the child improved and thrived while under the foster parents' care.

Doe also argues that the magistrate court erred because the child has a good bond with Doe and she can provide for both her needs and the child's. However, Doe testified that during her second-to-last visit, the child cried for the first ten minutes and at the end of the visit the child

---

[7] Doe does not explain what an "EEG" is, but from the record it appears that an "EEG" is a medical test to determine whether a person suffers from seizures.

reached for the foster mom. This suggests that any bond the child shared with Doe had diminished. Doe also testified that, at the time of the termination hearing, it would be one to three months before she was ready to have the child over for extended visits, which undermines her assertion on appeal that she could provide for the child. In sum, there is substantial and competent evidence supporting the magistrate court's finding that termination is in the child's best interests. Doe has failed to show error in this finding.

## IV.

## CONCLUSION

The magistrate court's findings that Doe neglected the child and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.