611 P.2d 1065

In the Interest of: M. T. P. and M. T. S., Children Under 18 Years of Age.

The STATE of Idaho, DEPARTMENT OF HEALTH & WELFARE, Plaintiffs-Respondents,

v.

Donalee MAHONEY–WILLIAMS, Defendant-Appellant.

No. 12796.

Supreme Court of Idaho.

June 3, 1980.

Charles E. Mooney of Lyons, Mooney, Bohner & Chasan, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., James R. Hargis, Deputy Atty. Gen., Boise, for plaintiffs-respondents.

SHEPARD, Justice.

This is an appeal by Donalee Mahoney-Williams from a decision of the district court which affirmed a decision of the magistrate division terminating appellant's parental rights between appellant and her two minor children. We affirm.

In September, 1976, the State of Idaho, Department of Health and Welfare, filed a petition seeking the termination of the parent-child relationship between appellant and her two minor children, who were two and four years old. It was alleged that the children were neglected and abused within the meaning of I.C. § 16–2005(b), and further that appellant was unable to discharge her parental responsibilities due to mental illness or defect within the meaning of I.C. § 16–2005(d). It was also alleged that the children had been abandoned by each of their fathers and no appearance was made on behalf of the fathers. It was alleged that the termination of the parent-child relationship was in the best interest of the parents and children within the meaning of I.C. § 16–2005(e).

Counsel was appointed to represent the appellant mother pursuant to I.C. § 16–2009, and other counsel was appointed to represent the interest of the children. Hearing was held upon the petition and testimony was taken at length. Medical testimony was introduced to show physical abuse of the children. Other testimony was introduced indicating physical, verbal and psychological abuse of the children by the appellant. This testimony included professional employees of the Department of Health and Welfare, who, on the basis of child abuse complaints, had the children removed from the custody of the appellant and committed to a temporary shelter under the order of a magistrate. Psychiatric and psychological testimony pointed out appellant's mental instability, including hospitalization in a mental institution for approximately a year and a half. That testimony indicated appellant to be a very unstable person with an explosive personality. It was stated that any prognosis would be very guarded or poor since appellant had had extensive counseling in the past and had benefited and learned very little therefrom. That professional testimony indicated that it would be detrimental to the children to remain with their mother and that maladapted patterns and attitudes were beginning to develop in the children.

Extensive testimony was introduced on behalf of appellant, including witnesses who testified to the absence of indications of child abuse. In addition, a psychiatrist was called as a witness for appellant. He testified that while he agreed with the previous psychiatric testimony regarding appellant's personality, he also felt that her condition could improve with treatment, and that ultimately she should be able to have the custody and care of her children. That witness, however, also indicated that it would be six to twelve months before any real change would take place in appellant's personality and that it would take approximately three years for appellant to acquire the skills necessary to be an adequate parent. Thus, he testified that it would not be in the best interest of the parent or child to permanently terminate the parental rights.

On appeal, appellant contends that where an indigent parent has been appointed counsel under the provisions of I.C. § 16–2009, in a proceeding to terminate a parent-child relationship, the parent has an absolute right to effective legal assistance from the appointed counsel. Appellant argues that she was denied effective assistance of counsel because she was not placed on the stand to testify in her own behalf and because her appointed counsel on appeal to the district court did not argue a lack of evidence to substantiate the magistrate's finding of abuse.

We need not decide here whether a parent in a parent-child termination proceeding has a right to effective counsel. Further, we do not decide whether the more stringent analysis applied to effective counsel questions in criminal cases would apply as in *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). The necessity to decide such issues would arise only if appellant here did not have effective counsel, and we find no such evidence. Hence, we reserve the decision as to the right to effective counsel and the appropriate standard for a more appropriate circumstance.

■ Assuming, without deciding, that appellant had a right to effective counsel, the record here nevertheless does not dem-

onstrate ineffective or incompetent counsel. We hold that counsel's decision not to call appellant to the stand and his option to argue rehabilitation rather than lack of evidence to support a finding of abuse are tactical decisions. Strategic and tactical decisions of counsel do not sustain a charge of ineffective counsel. *State v. Elisondo,* 97 Idaho 425, 546 P.2d 380 (1976); *State v. Kraft,* 96 Idaho 901, 539 P.2d 254 (1975).

The tactics of trial counsel for appellant can be readily discerned from the record. The evidence of the witnesses for the State as to physical abuse was clear and could hardly have been disputed other than by testimony from the mother that if the children sustained such injuries, she was not the one that inflicted the injuries. Such testimony would have flown in the face of eyewitness accounts of the mother's abuse. We deem it clear that defense counsel's tactics were to concede the abuse and the mother's mental health problems, but to traverse the State's case by introducing evidence that, in spite of the abuse and the mental health problems, the mother was treatable and at some time in the future should be allowed to resume the care and custody of her children and thus the permanent termination of the parent-child relationship should not be granted. It is difficult, if not impossible, to fault trial counsel for his choice of alternative techniques.

The record demonstrates that appellant's trial counsel produced substantial testimony through several witnesses supporting appellant's case. He extensively cross-examined the State's witnesses, knew the pertinent law, and forcefully presented appellant's legal position. We find no indication in the record of ineffective assistance of counsel.

We have examined appellant's remaining assignment of error and find the same to be without merit.

Affirmed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.