# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48702

| | |
|---|---|
| In the Interest of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE | ) ) |
| Petitioner-Respondent, | ) ) ) |
| v. | ) ) |
| JANE DOE (2021-12), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: July 29, 2021

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Ralph L. Savage, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Jordan S. Crane, Chief Bonneville County Public Defender, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark V. Withers, Deputy Attorney General, Twin Falls, for respondent.

---

LORELLO, Judge

Jane Doe (2021-12) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the two minor children in this action, born in 2015 and 2019. The children were placed into foster care after a neighbor reported that the younger child was dehydrated and that her ribs were visible. Temporary custody of the children was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and

1

conducted several review hearings while the children were in the Department's custody. Ultimately, the Department filed a petition to terminate Doe's parental rights.[1]

After a short recess following the Department's case-in-chief at the termination hearing, Doe's counsel indicated that Doe had decided to stipulate to termination. Doe was placed under oath and began answering questions about the stipulation. Part way through, Doe expressed a desire for additional time with her counsel. After another recess, Doe's counsel relayed that Doe "does not want to continue with the stipulation." Doe then began presenting her own testimony.

After asking Doe questions about her understanding of the proceedings, Doe's counsel noted that "there are a couple of options regarding termination, and that is to either consent to it or to object to it." She then asked, "Do you object to termination of your parental rights?" Doe responded:

> No. I was hoping to speed up for myself because I've been unable to--for a year and a half I've had no voice at trials, and I was hoping this would help me do that. . . . I'm really sorry for wasting anyone's time in choosing. But I'm not going to object.

Doe's counsel clarified that Doe wished to proceed with the stipulation and asked her questions regarding her understanding of the stipulation. Following these questions, the magistrate court observed that Doe appeared "unsure as to whether or not [she] wanted to agree to terminate [her] parental rights voluntarily" and confirmed with Doe that she believed this was "the best decision for [her] at this time." The magistrate court also asked Doe additional questions about the stipulation. After finding that Doe signed the stipulation freely and voluntarily, the magistrate court informed Doe that she was free to rejoin her attorney. Doe did not present additional testimony. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe neglected the children and that termination is in the children's best interests. Doe appeals.

**II.**

---

[1]     Prior to the filing of this petition, the magistrate court entered judgment terminating any parental rights the alleged father may have because he was not listed on the children's birth certificates or Idaho's putative father registry and had not developed a parental relationship with the children. The decision to terminate the alleged father's parental rights is not at issue in this appeal.

**STANDARD OF REVIEW**

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

**III.**

**ANALYSIS**

Doe presents three general arguments on appeal: (1) the magistrate court erred in its findings of neglect and by relying on the stipulation; (2) her counsel rendered ineffective assistance by participating in Doe's agreement to the stipulation; and (3) her due process right was violated because the stipulation prevented her from presenting further testimony. The Department responds that substantial and competent evidence supports the magistrate court's finding of neglect, that the stipulation is consistent with Idaho case law, that Doe's counsel did not provide ineffective assistance, and that Doe's due process right was not violated because she was not prevented from presenting testimony.[2] We affirm the magistrate court's termination decision.

**A.     Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341,

---

[2]     The Department also argues that substantial and competent evidence supports the magistrate court's finding that termination is in the children's best interests. Doe has not challenged this finding on appeal and, thus, we need not address the Department's arguments regarding the best interests of the children.

343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating definitions of "neglected" in I.C. § 16-1602(31)).

The magistrate court found, by clear and convincing evidence, that the Department had established two different statutory grounds of neglect: (1) neglect by conduct or omission of the parent, I.C. § 16-1602(31)(a); and (2) neglect by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b). Doe challenges the magistrate court's finding for both grounds of neglect. We address each in turn.

### 1. Neglect by conduct or omission

Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parent, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found clear and convincing evidence that Doe neglected the children under I.C. § 16-1602(31)(a).[3]

---

[3] It appears the appellate record may not include all of the forty-three exhibits admitted at the termination hearing. Of these, only Exhibits 1 and 2 are in the document labeled "Exhibits." Although the magistrate court's findings of fact and conclusions of law describe the admitted exhibits, and some of those descriptions match documents that are otherwise included in the clerk's record, it is unclear which, if any, of those documents are the actual exhibits. And, in some instances, the descriptions do not match any documents in the clerk's record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*

On appeal, Doe does not challenge any of the magistrate court's factual findings supporting its finding of neglect under I.C. § 16-1602(31)(a), and we will not presume error in these findings. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). Instead, Doe contends the magistrate court erred because it failed "to properly consider [Doe's] mental health diagnosis." Doe presents no authority to support the proposition that a magistrate court must consider a parent's mental health in determining whether a child has been neglected under I.C. § 16-1602(31)(a).[4] This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). In any event, the record shows that the magistrate court considered Doe's mental health, given its finding that Doe "appeared depressed" and "had suicidal ideations" while accompanying the younger child to a medical appointment. This Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65 (noting review is whether substantial and competent evidence supports decision). As noted above, we will not presume the magistrate court erred in its factual findings because Doe has not challenged them. In essence, Doe asks this Court to reweigh the evidence, which we will not do. Thus, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a).

### 2. Neglect by failure to complete a case plan

Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody

---

*v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

[4] As the Department notes in its appellate brief, a parent with a disability has "the right to provide evidence to the [trial] court regarding the manner in which the use of adaptive equipment or supportive services will enable the parent to carry out the responsibilities of parenting the child." I.C. § 16-2005(6). However, Doe has not argued that she was prevented from presenting this type of evidence. Consequently, we need not address the Department's arguments regarding I.C. § 16-2005(6).

of the Department. I.C. § 16-2002(3)(b). The magistrate court found that Doe failed to complete the tasks in her case plan. Although the magistrate court did not make an express finding that the children had been in the custody of the Department for at least fifteen months, the magistrate court noted it issued a removal order giving the Department custody of the children on September 13, 2019. The record also shows the children remained in the Department's custody until the termination hearing held on March 5, 2021. And, Doe does not dispute that the children had been in the Department's custody for more than fifteen of the twenty-two months prior to the termination hearing.

Doe also does not challenge any of the magistrate court's findings related to her failure to complete specific tasks of her case plan, and we will not presume error in the factual findings. *See Doe*, 164 Idaho at 892, 436 P.3d at 1241. Instead, Doe reasserts that the magistrate court failed to properly weigh her mental health issues. Doe again provides no legal authority that a magistrate court must consider a parent's mental health in determining whether a parent complied with a case plan, barring our consideration of the issue. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. In any event, as we have noted, the magistrate court made factual findings regarding Doe's mental health. In addition, two of the case plan tasks that Doe failed to complete related to her mental health--one task required her to obtain a neuropsychological examination and follow its recommendations and another task required her to continue with mental health counseling. The record shows the magistrate court considered Doe's mental health. Once again, we will not reweigh the evidence. Consequently, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-2002(3)(b).

**B.      Reliance on Doe's Stipulation**

Doe argues the magistrate court erred by relying on Doe's stipulation because the stipulation "impermissibly meshed" two different statutory forms and a parent's voluntary consent cannot form a basis for termination when there is no adoption petition pending. The Department responds that the stipulation was consistent with Idaho case law because "the stipulation was not

6

consent as contemplated by [I.C. § ]16-2007(3)"[5] and "the stipulation did not serve as the basis for the termination."

Doe's argument that the stipulation is invalid because it "impermissibly meshed" two different statutory forms, even if true, ultimately leads to her second argument--that the stipulation could not serve as a basis for termination absent a pending adoption. The stipulation, however, did not factor into either finding of neglect. In its oral ruling, the magistrate court noted that it "accept[ed] the stipulation to terminate the parental rights in addition to the findings" of neglect and best interests. The written order echoes the same approach, given that the stipulation is mentioned after finding clear and convincing evidence of the two types of neglect and the discussion of the stipulation is prefaced with the word "furthermore." It is well established that, where the judgment of the lower court is based upon alternative grounds, the fact that one of the grounds may have been in error is of no consequence and may be disregarded if the judgment can be sustained upon one of those other grounds. *Idaho Dep't of Health & Welfare v. Doe (2017-3)*, 162 Idaho 380, 384, 397 P.3d 1139, 1143 (2017). Because Doe has failed to show the magistrate court erred in either finding of neglect, we may disregard any error the magistrate court may have made in holding that the stipulation provided an alternative basis for termination.

## C.     Ineffective Assistance of Counsel

Doe argues that a parent in a termination case has a statutory right to effective assistance of counsel. Doe also asserts that her counsel rendered ineffective assistance by "actively partcipat[ing] in getting [Doe] to sign" the stipulation and that she was prejudiced by the stipulation. The Department responds that Doe's counsel was not deficient and that, in any event, Doe has failed to show prejudice from the stipulation.

---

[5]     It is not clear why the Department cited to I.C. § 16-2007(3). That statutory form has to do with waiver of notice and appearance, not consent. It appears the Department meant to cite to I.C. § 16-2005(4), which contains a form related to consent. To the extent the Department meant to rely on I.C. § 16-2007(3), it has not explained how that statutory form factors into its argument and, consequently, we will not consider it. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247 (declining to address issue unsupported by cogent argument).

Even if Doe has a statutory right to the effective assistance of counsel in the termination proceedings, she has failed to show prejudice.[6] Doe asserts she was prejudiced by her counsel's participation in the stipulation for termination because it "created an additional ground for termination of [her] parental rights." Because we have affirmed the magistrate court's finding of neglect as independent bases for termination, Doe was not prejudiced by counsel's involvement in the stipulation for termination.

Doe also argues she was prejudiced because the stipulation "effectively shut down [her] opportunity to testify and rebut the evidence presented by" the Department. As the Department notes, the stipulation, by itself, did not prevent Doe from presenting additional testimony. After accepting Doe's stipulation, the magistrate court informed Doe that she was free to rejoin her attorney, which was not a command to stop testifying. While such a stipulation may lead a parent to believe that additional testimony would be unavailing, Doe did not present any evidence showing that, in the absence of the stipulation, she would have presented additional testimony. Doe's choice to agree to the stipulation and not object to termination indicates a desire not to oppose the Department's case by presenting testimony regarding either the allegations of neglect or the best interests of her children. In addition, Doe had previously indicated through counsel that she would not agree to the stipulation, showing her capacity to insist on presenting evidence despite signing the stipulation. Accordingly, Doe has failed to show that the stipulation caused her to limit her testimony. Doe has failed to show she was prejudiced by counsel's involvement in the stipulation.

## D. Due Process

Doe asserts her due process right was violated because the stipulation "precluded [her] from providing testimony in defense of her parental rights." The Department responds that the stipulation did not prevent Doe from presenting testimony.

Doe does not cite any legal authority supporting her due process claim. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247.

---

[6] *See Idaho Dep't of Health & Welfare v. Doe (2010-28)*, 150 Idaho 563, 566, 249 P.3d 362, 365 (2011); *State, Dep't Health & Welfare v. Mahoney-Williams*, 101 Idaho 280, 281-82, 611 P.2d 1065, 1066-67 (1980).

The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). Nevertheless, Doe's argument fails because, as discussed above, she has failed to show that the stipulation caused her to limit her testimony. Consequently, Doe has failed to show a violation of her right to due process.

## IV.

## CONCLUSION

Doe has failed to show that the magistrate court erred in its findings of neglect. As such, we need not address Doe's claim that the magistrate court erred by relying on Doe's stipulation as an alternative basis for termination. Even if Doe had a statutory right to effective assistance of counsel, Doe's argument regarding ineffective assistance of counsel fails because she has not shown prejudice resulting from her counsel's actions. Doe has also failed to show a due process violation related to her stipulation. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.