**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48820**

| | | |
|---|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | **Filed: September 10, 2021** |
| Petitioner-Respondent, | ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT** |
| JANE DOE (2021-19), | ) ) | **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Douglas G. Abenroth, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Hilverda McRae, PLLC; Adam J. Ondo, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her minor child. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of K.C., born August 19, 2017. After receiving a referral complaint from the State of Utah Child Protection Services regarding Doe, who had recently moved from Utah to Idaho, the Idaho Department of Health and Welfare (the Department) conducted an investigation of Doe's home. As a result of this investigation, the Department declared K.C. in imminent danger and removed the child from Doe's custody in May 2019.

1

A case plan was developed by the Department and adopted by the court in July 2019. As part of the case plan, Doe was required to complete approximately fifteen tasks addressing several issues, including substance abuse, housing, parenting skills, and employment. After determining that Doe failed to make substantial progress on the case plan over the course of a year, the Department filed for termination of Doe's parental rights. A termination hearing was held in February 2021. After the hearing, the magistrate court terminated Doe's parental rights, finding grounds to terminate due to neglect, failure to complete her case plan, and that termination is in the best interests of the child. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported

2

by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

Doe raises three issues on appeal. First, Doe asserts that the magistrate court's finding of neglect is not supported by substantial evidence. Second, Doe argues that the magistrate court's determination that termination is in the best interests of the child is not supported by substantial evidence. Finally, Doe raises an ineffective assistance of counsel claim, arguing that counsel made several errors throughout the proceedings that prejudiced the outcome. We address each of these arguments below.

### A.    Finding of Neglect

Doe asserts that the magistrate court's finding of neglect is not supported by substantial evidence, but provides no argument in support. Rather, Doe invites this Court to review the record to determine whether neglect occurred. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Regardless, a review of the record provides substantial evidence in support of the magistrate court's finding of neglect.

3

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

In this case, the magistrate court found that Doe neglected her child both in general terms and by failing to comply with the case plan. The court based its finding of general neglect primarily on Doe's continued drug use, a period of incarceration, failure to provide for the child financially, and failure to provide a safe place to live. This finding is supported by substantial evidence in the record, including Doe's own testimony. Likewise, the magistrate court's finding of neglect due to failing to comply with the case plan is also supported by substantial evidence, as Doe failed to complete the majority of tasks set forth in the case plan. Doe has failed to show error in the magistrate court's conclusion that Doe neglected K.C.

## B.     Best Interests of the Child

Doe next argues that the magistrate court's finding that termination is in the best interests of the child is not supported by substantial evidence. Specifically, Doe argues that the district court ignored the progress she made in the months leading up to the termination proceeding. Had the court considered the progress she made, Doe argues, the court would have found that it is not in the best interests of the child to terminate Doe's parental rights.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding

4

that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In making its determination regarding the best interests of the child, the magistrate court primarily considered Doe's ability to provide the child with a stable home environment and the child's improvement in foster care. Doe argues that the magistrate court should have considered the recent progress she made, including leasing an apartment and working two jobs, completing a relapse prevention program, not missing visits for nine months leading up to the termination hearing, and improving at parenting during the visits. However, the record indicates that Doe would have needed at least six months to come into compliance with the case plan, leaving the child with a lack of permanency throughout the duration. Even considering Doe's claimed belated progress, the child still needed permanency and made improvements in foster care. Therefore, the magistrate court's finding that termination is in the best interests of the child is supported by substantial evidence.

## C. Ineffective Assistance of Counsel

Doe argues that her counsel provided ineffective assistance at the termination hearing. While Doe concedes that ineffective assistance of counsel claims are not typically brought on direct appeal in order to allow for the development of a more complete record, she asserts that the record captures the majority of the deficient performance she alleges. The Department, while not agreeing that ineffective assistance of counsel claims are appropriate on direct appeal from a termination proceeding, argues that Doe's counsel did not provide deficient representation and that counsel's decisions were strategic.

Doe cites to the standard set forth in *J.B. v. Florida Dep't. of Children and Families*, 170 So.3d 780, 792-93 (Fla. 2015) for evaluating ineffective assistance of counsel in termination cases, which is akin to the standard in *Strickland v. Washington*, 466 U.S. 668 (1984) applicable to criminal cases, but with a more stringent prejudice requirement. Idaho has not adopted any standard for assessing ineffective assistance of counsel claims in termination cases and we do not do so here.[1] However, to prevail on an ineffective assistance of counsel claim under *Strickland*,

---

[1] In *State, Dep't Health & Welfare v. Mahoney-Williams*, 101 Idaho 280, 281-82, 611 P.2d 1065, 1066-67 (1980), the Idaho Supreme Court only assumed, without deciding, that a parent in a termination case had a right to effective assistance of counsel and concluded that counsel was not ineffective because the record demonstrated counsel's challenged decisions were tactical.

the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. In the context of criminal proceedings, this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Doe identifies five examples in which she asserts her counsel's performance was deficient. First, counsel failed to object to the admission of evidence on how the case began in Utah, where Doe was found unconscious with drugs in her vehicle and K.C. on her lap, as hearsay, thereby allowing the magistrate court to rely on those facts in making its determinations. Second, counsel failed to object when the Department used a case worker, rather than another qualified party, to introduce the results of Doe's drug tests. Third, counsel failed to object to testimony from a non-expert caseworker on the needs of the child regarding stability and bonding, which, Doe argues, should have been objected to pursuant to Idaho Rule of Evidence 701(c) as expert witness testimony. Fourth, counsel did not request extended or additional visits despite Doe's improvements leading up to the termination hearing. Fifth, counsel allowed Doe to testify at the termination hearing, where Doe admitted that her neglect caused the child to come into the Department's custody.

As an initial matter, there is no evidence in the record from which to conclude that any of the above decisions were not strategic. A review of the record indicates that Doe's strategy during the course of the proceedings was to acknowledge the ways she had fallen short on her case plan while focusing on her recent improvements. All of the above decisions appear from

6

the record to have been strategic and, thus, cannot support an ineffective assistance of counsel claim.[2]

Doe has failed to show that any of the claimed actions or omissions fell outside an objective standard of reasonableness and constituted deficient performance or resulted in prejudice. As to the first asserted deficiency, counsel's failure to object to the hearsay evidence did not result in prejudice because Doe, in her own testimony, admitted to these facts, thereby allowing the court to consider them. As to the second assertion, even if counsel had objected to the drug tests being admitted, there was more than adequate evidence on the record to support the magistrate court's finding that Doe had failed to timely address her substance abuse issues. This included the fact that Doe missed eleven drug tests, which she knew counted as positive, and admitted to using drugs through June 2020. Moving to the third assertion, the caseworker's testimony on a child's need for stability and bonding was based on her own observations of K.C.'s relationship with Doe and was not based on any scientific or specialized knowledge. Fourth, the record does not indicate that Doe ever requested extended visits. Moreover, any such request would be part of the child protection proceeding, not the termination proceeding. Therefore, counsel's failure to make such a request at the termination hearing was not deficient and did not prejudice Doe's case. Lastly, counsel's choice to allow Doe to testify was a tactical or strategic decision, as the approach to the case at the termination hearing and, to some extent on appeal, was to focus on Doe's recent progress rather than dispute the facts she testified to, including her neglect. Without Doe's testimony, the majority of these recent improvements would not have been included in the record. Under any standard, Doe has failed to establish she received ineffective assistance of counsel at the termination hearing.

## IV.

## CONCLUSION

There is substantial and competent evidence to support the magistrate court's findings and conclusions that Doe neglected her child and that termination is in the child's best interests. Additionally, although Idaho has not recognized a claim, let alone any standard or procedure for considering an ineffective assistance of counsel claim for the first time on appeal from a

---

[2] Doe also claims that counsel should have objected to the admission of the case plan. The admission of the case plan was not objectionable, particularly in a case in which neglect by failure to complete the case plan was at issue. Any "allegations" in the case plan were extant elsewhere and part of the claimed basis for termination.

termination hearing, under any standard Doe has failed to show that counsel's performance was deficient or prejudicial. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.